

# NUMBER 13-12-00151-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE COUNSEL FINANCIAL SERVICES, L.L.C.

## On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes
Memorandum Opinion by Justice Benavides[1]**

By petition for writ of mandamus, Counsel Financial Services, L.L.C. ("Counsel Financial"), seeks to compel the trial court to enforce a forum selection clause in loan documents executed by real parties in interest, David McQuade Leibowitz, P.C. and David McQuade Leibowitz (collectively "Leibowitz"). We conditionally grant mandamus

---

[1] *See* Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

relief.

## I. BACKGROUND

The dispute between the parties has previously been detailed in various opinions issued by this Court, the San Antonio Court of Appeals, and New York state and federal courts.[2] In short, Counsel Financial loaned Leibowitz a substantial amount of money through loan documents comprising a revolving promissory note, a security agreement, and a guaranty. Leibowitz defaulted and Counsel Financial obtained a judgment on the loan documents against Leibowitz in New York. Counsel Financial thereafter intervened in the underlying proceedings in Hidalgo County, Texas to enforce its lien against that portion of the settlement proceeds representing attorney's fees and costs payable to Leibowitz. Leibowitz subsequently also intervened in the suit and asserted claims for affirmative relief against Counsel Financial, including claims for declaratory and injunctive relief, tortious interference, and business disparagement. Counsel Financial filed a motion to transfer venue based on mandatory venue provisions and, subject to that motion, a motion to dismiss pursuant to forum selection clauses within the loan documents.

---

[2] *See, e.g., Counsel Fin. Servs., LLC v. Leibowitz*, No. 09-CV-1025S, 2012 U.S. Dist. LEXIS 42215 (W.D.N.Y. Mar. 26, 2012); *Counsel Fin. Servs., LLC v. Leibowitz*, 09-CV-1025S, 2010 U.S. Dist. LEXIS 25532 (W.D.N.Y. Mar. 18, 2010); *Counsel Fin. Servs., LLC v. David McQuade Leibowitz, P.C.*, 81 A.D.3d 1421 (N.Y. App. Div. 4th Dep't 2011); *Counsel Fin. Servs., LLC v. David McQuade Leibowitz, P.C.*, 67 A.D.3d 1483 (N.Y. App. Div. 4th Dep't 2009); *Counsel Fin. Servs., L.L.C. v. Leibowitz*, No. 13-10-00693-CV, 2011 Tex. App. LEXIS 5078 (Tex. App.—Corpus Christi July 1, 2011, no pet.) (mem. op.); *Counsel Fin. Servs., L.L.C. v. Leibowitz*, No. 13-10-00200-CV, 2011 Tex. App. LEXIS 5079 (Tex. App.—Corpus Christi July 1, 2011, pet. denied) (mem. op.); *In re Counsel Fin. Servs., L.L.C.*, No. 13-10-00157-CV, 2010 Tex. App. LEXIS 3112 (Tex. App.—Corpus Christi Apr. 27, 2010, orig. proceeding) (mem. op.); *Counsel Fin. Servs., L.L.C. v. David McQuade Leibowitz, P.C.*, 311 S.W.3d 45, 47 (Tex. App.—San Antonio 2010, pet. denied); *In re Counsel Fin. Servs., L.L.C.*, No. 04-09-00081-CV, 2009 Tex. App. LEXIS 8456 (Tex. App.—San Antonio Nov. 4, 2009, orig. proceeding) (mem. op.). Counsel Financial has one additional appeal pending in this Court which is being disposed of concomitantly with this original proceeding. *See Counsel Fin. Servs., LLC v. Leibowitz*, No. 13-12-00103-CV, 2013 Tex. App. LEXIS ___ (Tex. App.—Corpus Christi July 25, 2013, no pet. h.) (mem. op.).

The Revolving Promissory Note provides:

BORROWER HEREBY CONSENTS AND AGREES THAT ANY FEDERAL OR STATE COURT LOCATED IN ERIE COUNTY, NEW YORK, SHALL HAVE EXCLUSIVE JURISDICTION TO HEAR AND DETERMINE ANY CLAIMS AND DISPUTES BETWEEN BORROWER AND HOLDER PERTAINING TO THIS NOTE OR TO ANY MATTER ARISING OUT OF OR RELATED TO THIS NOTE . . . .

The Security Agreement provides:

THE DEBTOR KNOWINGLY, VOLUNTARILY, INTENTIONALLY, AND IRREVOCABLY CONSENTS IN EACH ACTION AND OTHER LEGAL PROCEEDING COMMENCED BY THE SECURED PARTY AND ARISING OUT OF OR OTHERWISE RELATING TO THIS AGREEMENT, ANY OF THE OBLIGATIONS, ANY OF THE COLLATERAL OR ANY OTHER COLLATERAL TO THE EXCLUSIVE PERSONAL JURISDICTION OF ANY COURT LOCATED IN ERIE COUNTY, NEW YORK . . . .

The Guaranty provides:

The Guarantor hereby irrevocably and unconditionally agrees that any suit, action or proceeding arising out of or relating to this Guaranty shall be brought in the state courts of the State of New York or federal district court therein located in Erie County and waives any right to object to jurisdiction within either of the foregoing forums by Lender. Nothing contained herein shall prevent Lender from bringing any suit, action or proceeding or exercising any rights against any security and against any Guarantor personally, and against any property of the Guarantor, within any other jurisdiction and the initiation of such suit, action or proceeding or taking of such action in any other such jurisdiction shall in no event constitute a waiver of the agreements contained herein with respect to the laws of the State of New York governing the rights and obligations of the parties hereto or the agreement of the Guarantor to submit to personal jurisdiction within the State of New York.

The trial court held a hearing on the motion to dismiss on December 15, 2011. Following the hearing, the parties filed additional briefing regarding the applicability of the forum selection clauses. On January 20, 2012, the trial court denied Counsel Financial's motion to dismiss.

Counsel Financial thereafter filed this original proceeding and a motion for temporary relief. This Court granted temporary relief, ordered the trial court proceedings stayed, and requested and received a response to the petition for writ of mandamus from Leibowitz. Counsel Financial also filed a reply in support of its petition for writ of mandamus.

Leibowitz asserts that the petition for writ of mandamus should be denied because: (1) Counsel Financial already sought the same relief from the United States District Court for the Western District of New York; (2) the loan documents' forum selection clauses do not bar Leibowitz's counterclaims; and (3) Counsel Financial will suffer no irreparable harm by the trial court's consideration of Leibowitz's counterclaims and Counsel Financial does not come to the Court with clean hands. Leibowitz also asserts that this Court should refrain from granting mandamus relief until the Texas Supreme Court has adjudicated Leibowitz's related petition for review.

## II. STANDARD OF REVIEW

Mandamus relief is available when a trial court clearly abuses its discretion and a remedy by appeal is inadequate. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). The Texas Supreme Court has repeatedly held that mandamus relief is available to enforce a forum selection clause in a contract. *See, e.g., In re Lisa Laser USA, Inc.*, 310 S.W.3d 880, 883 (Tex. 2010) (orig. proceeding); *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding) (per curiam); *In re ADM Investor Servs., Inc.*, 304 S.W.3d 371, 374 (Tex. 2010) (orig. proceeding); *In re Int'l Profit Assocs.*, 286 S.W.3d 921, 922 (Tex. 2009) (orig. proceeding) (per curiam); *In re Int'l Profit*

4

*Assocs.,* 274 S.W.3d 672, 674 (Tex. 2009) (orig. proceeding) (per curiam); *In re AutoNation, Inc.*, 228 S.W.3d 663, 665 (Tex. 2007) (orig. proceeding); *In re AIU Ins. Co.*, 148 S.W.3d 109, 115–19 (Tex. 2004) (orig. proceeding).

A trial court abuses its discretion when it fails to properly interpret or apply a forum selection clause. *In re Lisa Laser USA, Inc.*, 310 S.W.3d at 883; *In re Laibe Corp.*, 307 S.W.3d at 316. Further, an appellate remedy is inadequate when a trial court improperly refuses to enforce a forum selection clause because allowing the trial to go forward will "vitiate and render illusory the subject matter of an appeal," that is, trial in the proper forum. *In re AIU Ins. Co.*, 148 S.W.3d at 115 (quoting *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d at 269, 272 (Tex. 1992)); *accord In re Laibe Corp.*, 307 S.W.3d at 316.

### III. ANALYSIS

In general, forum selection clauses should be given full effect, and subjecting a party to trial in a forum other than the contractually chosen one amounts to "clear harassment" and injects inefficiency in the judicial process by "enabling forum shopping, wasting judicial resources, delaying adjudication on the merits, and skewing settlement dynamics." *In re Lisa Laser USA, Inc.*, 310 S.W.3d at 883 (quoting *In re AIU Ins. Co.*, 148 S.W.3d at 117). Accordingly, forum selection clauses are generally enforceable and presumptively valid. *In re Laibe Corp.*, 307 S.W.3d at 316; *In re Int'l Profit Assocs.*, 274 S.W.3d at 675, 680. However, by allowing for exceptions when enforcement of forum selection clauses would be unreasonable or unjust, or seriously inconvenient, the Texas Supreme Court has recognized that there may be "extreme circumstances" that prevent the enforcement of forum selection clauses, but it has not "established a bright-line test

5

for avoiding enforcement of forum selection clauses."  *In re ADM Investor Servs.*, 304 S.W.3d at 376 (following *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 17 (1972)).

A trial court abuses its discretion in refusing to enforce a forum selection clause unless the party opposing enforcement clearly shows:  (1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial.  *In re Laibe Corp.*, 307 S.W.3d at 316; *In re ADM Investor Servs.*, 304 S.W.3d at 375.   The burden of proof is heavy for the party challenging enforcement.  *In re Laibe Corp.*, 307 S.W.3d at 316; *In re ADM Investor Servs.*, 304 S.W.3d at 375.

### A. APPLICABILITY

Leibowitz contends that the forum selection clauses do not bar Leibowitz's counterclaims "either pursuant to their plain language or under the facts of this case, and the trial court does not even have jurisdiction over some of them."   In connection with this assertion, Leibowitz contends that the obligations of the loan agreements were extinguished by and merged into the New York State judgment.   Under the transactional approach to res judicata, "a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992); *see Sanders v. Blockbuster, Inc.*, 127 S.W.3d 382, 386 (Tex. App.—Beaumont 2004, pet. denied).

We disagree with Leibowitz's application of this doctrine to the facts of this case. Counsel Financial's actions to enforce its judgment arose subsequent to entry of the

6

judgment. *Cf. Compania Financiara Libano v. Simmons*, 53 S.W.3d 365, 367 (Tex. 2001) (per curiam) ("If so, then as we have explained, Compania's action to enforce the settlement agreement could not have been merged into the agreed judgment because it did not yet exist."). Post-judgment enforcement actions do not relate back to merge into the pre-existing and foundational judgment at issue. *Cf. id.*

Moreover, legal actions to recover on a note may be brought separately from legal actions to foreclose a lien. *See Stephens v. LPP Mortg., Ltd.*, 316 S.W.3d 742, 748 (Tex. App.—Austin 2010, pet. denied) ("LPP Mortgage's current suit for judicial foreclosure of a lien cannot be barred by res judicata based solely on a previous suit reducing the debt to a money judgment."). In this case, the guaranty and lien documents contained forum selection clauses separate and apart from the promissory note. *Cf. Stanford Dev. Corp. v. Stanford Condo. Owners Ass'n*, 285 S.W.3d 45, 52 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (holding that an arbitration agreement contained in an earnest money contract did not merge into the deed); *see also Rio Grande Xarin, II, Ltd. v. Wolverine Robstown, L.P. (In re Rio Grande Xarin II, Ltd.)*, Nos. 13-10-00115-CV & 13-10-00116-CV, 2010 Tex. App. LEXIS 5189, at **15–17 (Tex. App.—Corpus Christi July 6, 2010, pet. dism'd) (mem. op.) (combined appeal & orig. proceeding). Accordingly, we conclude that the forum selection clauses in the loan documents were not extinguished by the entry of the New York judgment.

Leibowitz further contends that the plain terms of the forum selection clauses do not prevent him from defending himself from claims initiated by Counsel Financial in a forum separate and apart from that designated by the forum selection clauses. Stated

7

otherwise, Leibowitz contends that the terms of the clauses do not prevent him from raising counterclaims against Counsel Financial in suits instituted by Counsel Financial. Leibowitz premises this argument on the fact that the forum selection clauses expressly provide that the New York courts have "exclusive jurisdiction" for claims brought by Leibowitz, but allow Counsel Financial to bring claims outside New York. We reject this analysis. First, the plain language of the forum selection clauses provides that Leibowitz consents to jurisdiction in New York and does not carve out an exception for counterclaims. *Cf. Holmes, Woods & Diggs v. Gentry*, 333 S.W.3d 650, 656 (Tex. App.—Dallas 2009, no pet.) ("The counterclaim, however, arises in the same lawsuit and falls within the scope of the arbitration clause. We are aware of no reason, nor does the Firm provide one, why the Firm's waiver of the right to arbitrate would not encompass all claims within the scope of the agreement.").

Leibowitz contends that Counsel Financial could have, but did not, include express language separating counterclaims from original claims as in *Veritas Operating Corp. v. Microsoft Corp.*, No. C06-0703-JCC, 2008 U.S. Dist. LEXIS 9087, at **10–11 (W.D. Wash. Feb. 7, 2008). In *Veritas*, the forum selection clause expressly included counterclaims. The court concluded that the forum selection clause should be enforced:

> Microsoft and Veritas are highly sophisticated bargaining parties, who negotiated at great length the Agreement at issue. They each expressly bound themselves to litigate any potential contract-related counterclaims, if at all, in a different jurisdiction than the forum in which the underlying claims were filed. In so doing, they bargained to be subject to possible claim preclusion. Veritas does not argue that Microsoft's counterclaims should be transferred to another district, but rather that Microsoft is barred from bringing its contract-related counterclaims in this forum. Given the specificity of the forum selection clause, which expressly includes counterclaims, the Court does not deem it unreasonable under the

8

circumstances to hold Microsoft to its word, even if that means Microsoft will not be able to, or will choose not to, bring its counterclaims separately in the Northern District of California. There are many remaining issues in this complicated case to be resolved by this Court and the fact-finders, and the Court does not find it unjust to narrow this case according to the parties' unambiguous, express agreement.

*Id.* at **10–11. In this case, unlike *Veritas*, the forum selection clauses do not expressly address counterclaims. However, given the breadth of the language utilized in the forum selection clauses herein, any such additional language was unnecessary. The forum selection clauses at issue are extremely broad and encompass "any claims and disputes between borrower and holder pertaining to this note or to any matter arising out of or related to this note," "each action and other legal proceeding commenced by the secured party and arising out of or otherwise relating to this agreement, any of the obligations, any of the collateral or any other collateral," and "any suit, action or proceeding arising out of or relating to this Guaranty." Moreover, while the parties have not cited Texas cases considering the application of forum selection clauses to counterclaims, we note that other jurisdictions have held that a party to a forum selection clause may not raise in a different forum, even as a compulsory counterclaim, a dispute within the scope of that clause. *See e.g., Publicis Commc'n v. True N. Commc'ns Inc.*, 132 F.3d 363, 365–66 (7th Cir. 1997) (holding that counterclaims subject to a forum selection clause must be brought in the specified forum and are not susceptible to preclusion for not being brought as compulsory counterclaims); *see also Bancroft Life & Cas. ICC v. Davnic Ventures, L.P.*, No. H-12-2015, 2013 U.S. Dist. LEXIS 41630, at *11 (S.D. Tex. Mar. 25, 2013, no pet. h.) (rejecting argument that alleged "compulsory" counterclaims were not subject to a forum selection clause). Finally, we note that forum selection clauses do not require

9

mutuality of obligation so long as the contract as a whole provides consideration. *See In re Laibe Corp.*, 307 S.W.3d at 317; *In re Lyon Fin. Servs.,* 257 S.W.3d at 233.

Leibowitz also contends that the forum selection clauses do not bar his tort claims for post-judgment conduct that do not require construction of the loan documents, his defensive claims for declaratory relief, or his four claims for affirmative relief.

In determining whether a forum selection clause applies to a particular case, we consider the language in the agreement and determine whether the substance of the plaintiff's claims falls within the scope of the forum selection clause. *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d at 677; *see also Deep Water Slender Wells, Ltd. v. Shell Int'l Exploration & Prod., Inc.*, 234 S.W.3d 679, 687 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *In re Ebay, Inc.*, No. 09-10-00265-CV, 2010 Tex. App. LEXIS 5340, at *4 (Tex. App.—Beaumont July 8, 2010, orig. proceeding) (mem. op.) (per curiam). The reviewing court should engage in a "common-sense examination of the claims and the forum selection clause to determine if the clause covers the claims." *In re Int'l Profit Assocs.*, 274 S.W.3d at 677; *see In re Lisa Laser USA, Inc.*, 310 S.W.3d at 884; *In re Laibe Corp.*, 307 S.W.3d at 316. Whether claims seek a direct benefit from a contract turns on the substance of the claim, not artful pleading. *In re Int'l Profit Assocs.*, 274 S.W.3d at 677. We examine whether the claims arise from the agreement rather than other general obligations imposed by law. *In re Lisa Laser USA, Inc.*, 310 S.W.3d at 886. In this regard, "a contract can consist of more than one document." *In re Laibe Corp.*, 307 S.W.3d at 317. Documents pertaining to the same transaction may be read together even if they are executed at different times and do not reference each other. *See id.*

(citing *Fort Worth Indep. Sch. Dist. v. City of Fort Worth*, 22 S.W.3d 832, 840 (Tex. 2000)). Courts may construe all the documents as if they were part of a single, unified contract. *See id.*

In the instant case, the security agreement applies to "each action and other legal proceeding commenced by the secured party and arising out of or otherwise relating to this Agreement, any of the obligations, any of the collateral, or any other collateral." The note applies to "any claims or disputes between borrower and holder pertaining to this Note or to any matter arising out of or related to this Note." The guaranty applies to "any suit, action, or proceeding arising out of or relating to this Guaranty." The language utilized in the forum selection clauses is broad and encompasses all claims, including those that may only relate to the agreement. *See Diamond Offshore (Bermuda), Ltd. v. Haaksman*, 355 S.W.3d 842, 847–48 (Tex. App.—Houston [14th Dist.] 2011, pet. denied); *RSR Corp. v. Siegmund*, 309 S.W.3d 686, 701 (Tex. App.—Dallas 2010, no pet.) (interpreting the language, "any action or proceeding arising out of or relating to this Agreement," as broad and encompassing all claims that have some possible relationship with the agreement, including those claims that may only "relate to" the agreement); *My Café-CCC, Ltd. v. Lunchstop, Inc.*, 107 S.W.3d 860, 866 (Tex. App.—Dallas 2003, no pet.) (interpreting "any dispute arising under or in connection with" broadly as encompassing any dispute connected to or relating to the agreement). Moreover, tort and statutory claims are subject to a forum selection clause if they arise out of the parties' contractual relationship; otherwise a party could escape a forum selection clause merely by adding some non-contractual claim to his pleadings. *See In re GNC Franchising, Inc.*,

11

22 S.W.3d 929, 930 (Tex. 2000) (orig. proceeding). In this case, Leibowitz would have no basis for his affirmative or defensive claims against Counsel Financial absent the loan documents containing the forum selection clauses. Stated otherwise, Leibowitz's claims arise from the parties' contractual relationship. *See id.* Accordingly, the forum selection clauses apply to the theories alleged by Leibowitz.

Finally, Leibowitz contends that the forum selection clauses were ambiguous regarding their applicability to counterclaims. While forum selection clauses may be ambiguous, the clauses at issue are specific in their terms insofar as they apply to all claims that could be brought by Leibowitz and select the courts of New York as their chosen forum. *See Sw. Intelecom, Inc. v. Hotel Networks Corp.*, 997 S.W.2d 322, 325 (Tex. App.—Austin 1999, pet. denied) (discussing potential ambiguities in a forum selection clause). We thus conclude that the forum selection clause applies to Leibowitz's affirmative and defensive claims in this case.

## B. WAIVER

Leibowitz argues that Counsel Financial waived the clause by "causing undue delay, substantially participating in the litigation, and affirmatively invoking multiple Texas state and federal court jurisdictions." A party waives a forum selection clause by substantially invoking the judicial process to the other party's detriment or prejudice. *In re ADM Investor Servs., Inc.*, 304 S.W.3d 371, 374 (Tex. 2010) (orig. proceeding). There is a strong presumption against such waiver. *Id.* Waiver requires intent, either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right. *In re Gen. Elec. Capital Corp.*, 203 S.W.3d 314, 316 (Tex. 2006) (per

12

curiam) (orig. proceeding). The elements of waiver include (1) an existing right, benefit, or advantage held by a party; (2) the party's actual or constructive knowledge of its existence; and (3) the party's actual intent to relinquish the right or intentional conduct inconsistent with the right." *Perry Homes v. Cull*, 258 S.W.3d 580, 602–03 (Tex. 2008) (citations omitted). In *Perry Homes*, the supreme court held that "prejudice" in this context means "inherent unfairness [caused by] a party's attempt to have it both ways by switching between litigation and arbitration to its own advantage." *Id.* at 597.

The Texas Supreme Court has applied the law regarding waiver in the context of arbitration clauses to determine whether forum selection clauses have been waived. *See, e.g., In re ADM Investor Servs.*, 304 S.W.3d at 374; *In re AIU Ins. Co.*, 148 S.W.3d at 115–16; *see also Perry Homes*, 258 S.W.3d at 597. We determine whether waiver has occurred on a case-by-case basis based on the totality of the circumstances. *Perry Homes,* 258 S.W.3d at 591. In *Perry Homes*, the supreme court listed several factors to be considered in a waiver analysis, including: (1) whether the movant was the plaintiff (who chose to file in court) or the defendant (who merely responded); (2) how long the movant delayed before seeking arbitration; (3) whether the movant knew of the arbitration clause all along; (4) how much pretrial activity related to the merits rather than arbitrability, jurisdiction, or standing; (5) how much time and expense had been incurred in litigation; (6) whether the movant sought or opposed arbitration earlier in the case; (7) whether the movant filed affirmative claims or dispositive motions (sought judgment on the merits); (8) what discovery would be unavailable in arbitration; (9) whether activity in court would be duplicated in arbitration; (10) when the case was to be tried; and (11) how much discovery

13

had been conducted, who initiated it, and how much of it would be useful in arbitration. *Id.* at 591–92. No single one of these factors is dispositive of whether a party has waived its right to enforce an arbitration clause*. Id.* at 591. While some of these factors do not fit well into analyzing whether a party has waived application of a forum selection clause, they nevertheless provide a useful paradigm for determining whether Counsel Financial waived its right to enforce the forum selection clauses under the totality of the circumstances in this case.

A brief overview of the events in this case shows the following. On November 25, 2008, the New York court signed the judgment at issue in this case. Counsel Financial domesticated the judgment in a district court in Bexar County, Texas. The district court refused to recognize the judgment; however, the San Antonio Court of Appeals held that the New York judgment was entitled to full faith and credit and is fully enforceable in Texas. *Counsel Fin. Serv., L.L.C., v. Leibowitz, P.C.*, 31 S.W.3d 45, 47 (Tex. App.—San Antonio 2010, pet. denied).

On August 7, 2009, Counsel Financial intervened in the underlying lawsuit between Maria Anzaldua and Kmart Corporation to enforce its lien pursuant to the New York judgment against that portion of Anzaldua's settlement representing Leibowitz's attorney's fees and costs. Leibowitz answered Counsel Financial's lawsuit and brought counterclaims against Counsel Financial on October 7, 2009.

On October 13, 2009, in the Hidalgo County lawsuit, Counsel Financial filed a notice of removal to the United States District Court for the Southern District of Texas. The matter was ultimately remanded back to Hidalgo County on March 8, 2010.

14

On November 25, 2009, Counsel Financial brought suit against Leibowitz in the United States District Court for the Western District of New York seeking to enjoin Leibowitz from litigating any claims or defenses relating to the loan documents in Hidalgo County and seeking attorney's fees and costs expended in attempting to collect on its judgment. On March 18, 2010, that court denied Counsel Financial's request for a temporary restraining order. On March 26, 2012, the court denied Leibowitz's motion to dismiss or abate and also denied Counsel Financial's motion for a preliminary injunction.

On March 19, 2010, in Hidalgo County, Counsel Financial filed a motion to transfer venue from Hidalgo County to Bexar County based on mandatory venue, and subject to that motion, also filed the underlying motion to dismiss based on the forum selection clauses in the loan documents. Counsel Financial sought resolution of its motion to transfer venue before consideration of its motion to dismiss. *See* TEX. R. CIV. P. 861(1) (concerning the due order of pleading). However, as discussed more specifically herein, after filing the motion to dismiss, Counsel Financial repeatedly requested that the trial court set the matter for hearing. After holding a hearing on the motion to transfer, the trial court ultimately denied the motion on December 1, 2010. Leibowitz also sought and obtained an anti-suit injunction and anti-execution judgment preventing Counsel Financial from pursuing or executing on the judgment.

Counsel Financial appealed both the trial court's denial of its motions to transfer venue and the injunction. On July 1, 2011, we dismissed the appeal on venue and we reversed and remanded the injunction. *See Counsel Fin. Servs., L.L.C. v. Leibowitz*, No. 13-10-00693-CV, 2011 Tex. App. LEXIS 5078, at \*\*5–6 (Tex. App.—Corpus Christi July

15

1, 2011, no pet.) (mem. op.) (venue); *Counsel Fin. Servs., L.L.C. v. Leibowitz*, No. 13-10-00200-CV, 2011 Tex. App. LEXIS 5079, at *1 (Tex. App.—Corpus Christi July 1, 2011, pet. denied) (mem. op.) (injunction).

On August 23, 2011, Counsel Financial, by letter to the trial court, stated that it had attempted to obtain a hearing on the motion to dismiss, again requested a hearing on the motion to dismiss, and stated that the motion to dismiss should be heard prior to any decisions on Leibowitz's motions for partial summary judgment. On September 12, 2011, Leibowitz filed a response to Counsel Financial's request. On November 23, 2011, Counsel Financial again sent a letter to the trial court re-urging its request for a hearing on the motion to dismiss for forum selection clause.

The trial court's hearing on the motion to dismiss was ultimately held on December 15, 2011. The parties filed additional briefing thereafter, and the trial court denied the motion to dismiss on January 20, 2012. That same day, the trial court also granted Leibowitz's motions for partial summary judgments and ordered them to be severed. Counsel Financial appealed these summary judgment rulings in our cause number 13-12-00103-CV. *See Counsel Fin. Servs., LLC v. Leibowitz*, No. 13-12-00103-CV, 2013 Tex. App. LEXIS ___ (Tex. App.—Corpus Christi July 25, 2013, no pet. h.) (mem. op.). Counsel Financial filed the instant petition for writ of mandamus approximately one month later, on March 1, 2012.

Looking at the totality of the circumstances and considering the *Perry Homes* factors, although Counsel Financial instituted the Hidalgo County action for the purposes of collecting its judgment, it was specifically entitled to do so under the forum selection

16

clauses, and when it instituted the litigation, Leibowitz was not even a party to the case. The guaranty agreement expressly stated that Counsel Financial could bring any "suit, action or proceeding or exercising any rights against any security" within any other jurisdiction and "the initiation of such suit, action or proceeding or taking of such action in any other such jurisdiction shall in no event constitute a waiver of the agreements contained herein with respect to the laws of the State of New York governing the rights and obligations of the parties hereto or the agreement of the Guarantor to submit to personal jurisdiction within the State of New York." In this regard, we note that Counsel Financial repeatedly sought to litigate issues pertaining to the loan documents in the New York courts.

In support of his waiver argument, Leibowitz points to delay of "more than five and a half years after this suit was initially filed, almost two and a half years after [Counsel Financial] intervened, and more than two years after Leibowitz entered his answer and counterclaims," until the trial court denied the motion to dismiss, and then "another month and a half" until Counsel Financial filed this petition for writ of mandamus. We do not consider the length of any delay separate from the totality of the circumstances. *See Perry Homes*, 258 S.W.3d at 595–97. Here, despite the gap between the initial filing of the motion to dismiss and the hearing on the motion, Counsel Financial did nothing "unequivocal" to waive enforcement of the forum selection clauses. *See id*. at 593. Moreover, the Texas Supreme Court has considered comparable delays before without finding waiver. *See generally In re ADM Investor Servs*., 304 S.W.3d at 374 (three month delay); *see also In re AIU Ins. Co*., 148 S.W.3d at 121 (five month delay); *In re*

17

*Automated Collection Techs.*, 156 S.W.3d 557, 560 (Tex. 2004) (orig. proceeding) (per curiam) (four month delay).

The parties did incur time and expense in litigating this matter, although the record is devoid of specific estimates regarding either time or expense. According to Leibowitz, Counsel Financial served requests for discovery, responded to discovery, sought continuances, and responded to Leibowitz's motions for partial summary judgment. The Texas Supreme Court has deemed the following similar acts as insufficient to amount to waiver: filing suit; requesting initial discovery; noticing, but not taking a deposition; and taking four depositions. *See Perry Homes*, 258 S.W.3d at 590; *see also Small*, 310 S.W.3d at 645. Counsel Financial did not request affirmative relief through litigation or seek judgment on the merits in litigation and did not conduct full discovery, file motions going to the merits, or seek dismissal pursuant to the forum selection clause "only on the eve of trial." *Perry Homes*, 258 S.W.3d at 590 (citing *In re Vesta Ins. Group, Inc.*, 192 S.W.3d 759, 764 (Tex. 2006)). Moreover, although Counsel Financial removed the case to federal court, removal-related conduct alone does not constitute waiver, and the record does not show that Counsel Financial removed the matter to United States District Court for the stated purpose of pursuing litigation. *See In re Citigroup Global Mkts., Inc.*, 258 S.W.3d 623, 625 (Tex. 2008) (orig. proceeding) (holding that the relator did not waive arbitration when it "spent seven months removing the case to various federal courts before finally filing an answer in state court with a contemporaneous motion to compel arbitration").

Aside from stating he was prejudiced, Leibowitz does not demonstrate how he was

prejudiced, although he asserts, generally, that he suffered from the expense and delay of litigation. *See Perry Homes*, 258 S.W.3d at 597 (defining prejudice as "the inherent unfairness in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue").

On this record, considering the relevant factors in the context of the totality of the circumstances, we cannot conclude Counsel Financial's acts should be deemed to have "substantially invoked the judicial process enough to overcome the presumption against waiver." *See In re Vesta Ins. Group, Inc.*, 192 S.W.3d at 764; *see also Perry Homes*, 258 S.W.3d at 589–91; *Small*, 310 S.W.3d at 649. Further, Leibowitz has not provided us with evidence that he was prejudiced. *See Perry Homes*, 258 S.W.3d at 593, 597.

## C. PUBLIC POLICY & UNREASONABLENESS

Leibowitz asserts that strong public policy requires litigating his Texas-based counterclaims along with Counsel Financial's claims in Texas. A trial court abuses its discretion in refusing to enforce a forum selection clause unless, among other things, the party opposing enforcement clearly shows enforcement would contravene a strong public policy of the forum where the suit was brought or that enforcement would be unreasonable or unjust. *In re Laibe Corp.*, 307 S.W.3d at 316; *In re ADM Investor Servs.*, 304 S.W.3d at 375. According to Leibowitz, each of his four counterclaims for affirmative relief—tortious interference, violation of the Texas Business and Commerce Code, and violations of the Texas Finance Code—involve the construction and application of Texas law to events that occurred in Texas. Leibowitz also asserts that his

19

defensive claims involve whether the security agreement violates the Texas Disciplinary Rules of Professional Conduct. He also asserts that it is unreasonable for the same parties to conduct parallel litigation over the same issues but in separate venues, which could potentially result in two irreconcilable judgments on the same issues from two different states.

Leibowitz has presented no persuasive authority for the proposition that the presence of Texas law or counterclaims invokes a strong public policy that would be contravened by enforcement of the forum selection clause. We have already found Leibowitz's contention regarding the separate litigation of counterclaims to be without merit, and accordingly, need not address it again. *See* TEX. R. APP. P. 47.1, 47.4. We note that the Texas Supreme Court has held that even where Texas statutory provisions specify the application of Texas law, those provisions are irrelevant to the enforceability of a forum selection clause where no statute requires suit to be brought or maintained in Texas. *See In re AutoNation, Inc.*, 228 S.W.3d at 669; *In re AIU Ins. Co.*, 148 S.W.3d at 114*.* Moreover, the fact that two lawsuits might result from the application of a forum selection clause does not meet the standard for avoiding the forum selection provision. *See In re Int'l Profit Assocs., Inc.*, 274 S.W.3d at 680; *In re FC Stone, LLC*, 348 S.W.3d at 552.

We conclude that Leibowitz has not clearly shown enforcement would contravene a strong public policy of the forum where the suit was brought, or would be unreasonable or unjust. *See In re Laibe Corp.*, 307 S.W.3d at 316.

### D. IRREPARABLE HARM & CLEAN HANDS

Leibowitz contends that mandamus relief is unwarranted because Counsel Financial will suffer no irreparable harm by the trial court's consideration of Leibowitz's counterclaims. However, according to the Texas Supreme Court, there is no adequate remedy by appeal when a trial court refuses to enforce a forum selection clause. *In re Laibe*, 307 S.W.3d at 316.

> Subjecting a party to trial in a forum other than that agreed upon and requiring an appeal to vindicate the rights granted in a forum selection clause is clear harassment. There is no benefit to either the individual case or the judicial system as a whole. The only benefit from breach of a forum selection clause inures to the breaching party. That party hopes that its adversary will weary or avoid the cost of protracted litigation and settle when it would not otherwise have done so. Likewise, in comparing the respective burdens on the parties, the burden on a party seeking to enforce a forum selection clause of participating in a trial then appealing to vindicate its contractual right is great while there is no legitimate benefit whatsoever to the party who breached the forum selection agreement.

*In re AIU Ins. Co.*, 148 S.W.3d at 117. Accordingly, under the foregoing analysis, we reject Leibowitz's contention that mandamus should be denied on grounds that Counsel Financial will suffer no irreparable harm otherwise.

Leibowitz further asserts that mandamus should be denied because Counsel Financial does not come to this Court with clean hands. In so arguing, Leibowitz relies upon the principle in law that he who seeks equity must do equity. *See Truly v. Austin*, 744 S.W.2d 934, 938 (Tex. 1988) ("It is well-settled that a party seeking an equitable remedy must do equity and come to court with clean hands."). A party seeking to invoke this equitable doctrine must show that he has been seriously harmed and the wrong-complained-of cannot be corrected without applying the doctrine. *LDF Constr., Inc. v. Bryan*, 324 S.W.3d 137, 149 (Tex. App.—Waco 2010, no pet.); *In re Jim Walter*

21

*Homes, Inc.*, 207 S.W.3d 888, 899–900 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *City of Fredericksburg v. Bopp*, 126 S.W.3d 218, 221 (Tex. App.—San Antonio 2003, no pet.); *Thomas v. McNair*, 882 S.W.2d 870, 880–81 (Tex. App.—Corpus Christi 1994, no writ). The doctrine will be applied only to "one whose own conduct in connection with the same matter or transaction has been unconscientious, unjust, or marked by a want of good faith, or one who has violated the principles of equity and righteous dealing." *Thomas*, 882 S.W.2d at 880–81.

Although mandamus is a legal remedy, it is governed by equitable principles, so "the doctrine of unclean hands has been used to deny issuance of the writ." *See Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 552 (Tex. 1990) (noting use of the clean hands doctrine but refusing to apply it in that case). Whether to apply the doctrine or not is committed to a court's discretion. *In re Jim Walter Homes, Inc.*, 207 S.W.3d at 899–900; *Thomas*, 882 S.W.2d at 880–81.

Leibowitz contends that we should deny mandamus relief on this ground:

> In this case, Plaintiff's hands are quite dirty. From the beginning, [Counsel Financial] has waged a war in Texas against Leibowitz—*e.g.,* writing letters threatening to sue Leibowitz's opposing parties, intervening in case after case wholly unrelated to [Counsel Financial], improperly removing this case to federal court with no colorable argument upon which to do so, filing multiple interlocutory appeals and mandamus petitions, and requesting continuance after continuance in the trial court. . . . Not only does [Counsel Financial's] conduct violate Texas law regarding the collection of debts in multiple ways, but also as the trial court has already held, the Security Agreement itself—upon which [Counsel Financial] claims authority to so conduct itself in Texas—is in violation of the Texas Disciplinary Rules of Professional Conduct which prohibit a non-attorney from claiming an ownership interest in attorney's fees. . . . [Counsel Financial's] conduct has been unlawful and unnecessarily litigious throughout this dispute, and as such, the Court should decline to exercise its discretionary jurisdiction to entertain [Counsel Financial's] petition.

22

Counsel Financial's actions in this and the related lawsuits pertain to its efforts to collect debt owed to it by Leibowitz, despite Leibowitz's strenuous efforts to the contrary. Leibowitz is "complaining about the ordinary activities and possible misunderstandings of litigation, and without more, there is no basis for invoking the unclean hands doctrine." *In re Jim Walter Homes, Inc.*, 207 S.W.3d at 899–900. Accordingly, we reject Leibowitz's contention that mandamus should be denied on equitable grounds.

## E. COUNSEL FINANCIAL'S NEW YORK LITIGATION

Leibowitz contends that the writ of mandamus should be denied because Counsel Financial already sought, and was denied, essentially the same relief in the United States District Court for the Western District of New York. The law cited by Leibowitz in support of this argument consists of "clean hands" cases and law prohibiting forum shopping. We have already addressed Leibowitz's clean hands assertions, and need not address them further herein. *See* TEX. R. APP. P. 47.1, 47.4. Moreover, we do not construe Counsel Financial's attempts to enforce the forum selection clauses as forum shopping. To the contrary, forum selection clauses should be given full effect, and subjecting a party to trial in a forum other than the contractually chosen one amounts to clear harassment, "injecting inefficiency by enabling forum-shopping." *In re AIU Ins. Co.*, 148 S.W.3d at 117; *see In re Lisa Laser USA, Inc.*, 310 S.W.3d at 883; *In re AutoNation*, 228 S.W.3d at 667–68. Accordingly, we overrule Leibowitz's contentions with regard to the New York litigation.

## F. PENDING LITIGATION

23

Finally, Leibowitz asserts that this Court should refrain from granting the requested relief until the Texas Supreme Court has adjudicated Leibowitz's related petition for review in *Counsel Fin. Servs., L.L.C. v. Leibowitz*, No. 13-10-00200-CV, 2011 Tex. App. LEXIS 5079 (Tex. App.—Corpus Christi July 1, 2011, pet. denied) (mem. op.). According to the argument, an action in this original proceeding could conflict with a decision of the Texas Supreme Court in that case. However, the Texas Supreme Court has denied the petition for review in that case, and on August 10, 2012, the supreme court denied the motion for rehearing of its ruling. We thus consider this matter ripe for determination.

## IV. CONCLUSION

We hold that Leibowitz failed to overcome the presumption of validity of the forum selection clause. *See In re Lyon Fin. Servs., Inc.*, 257 S.W.3d at 321–32. Under these circumstances, the trial court had no discretion to refuse Counsel Financial's request to enforce the parties' contract. There is no adequate remedy by appeal when a trial court refuses to enforce a forum selection clause. *See In re AIU Ins. Co.*, 148 S.W.3d at 115.

Accordingly, the Court, having examined and fully considered the petition for writ of mandamus, the response, and the reply thereto, is of the opinion that mandamus should be conditionally granted. We lift the stay previously imposed in this matter and conditionally grant mandamus relief. *See* TEX. R. APP. P. 52.10(b) ("Unless vacated or modified, an order granting temporary relief is effective until the case is finally decided."). We are confident that the trial court will promptly vacate its order denying the motion to dismiss, proceed to enforce the parties' forum selection clause in accordance with this

24

opinion, and grant Counsel Financial's motion to dismiss.  The writ of mandamus will issue only if the trial court fails to comply.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
25th day of July, 2013.